# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TINIELL CATO,

    Plaintiff,

v.

SOCIAL JUSTICE FUND NW, *et al.*,

    Defendants.

Case No. C17-345RSL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO JOIN ANOTHER DEFENDANT

This matter comes before the Court on the motion to dismiss of Defendants Social Justice Fund, Youth Undoing Institutional Racism, and Ending the Prison Industrial Complex, Dkt # 7, and Plaintiff's "Motion to Join Another Defendant." Dkt. # 12. Defendants claim that Plaintiff has failed to state a claim upon which relief may be granted and therefore pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), Plaintiff's claims should be dismissed. Plaintiff seeks to join another defendant and to amend her complaint. After reviewing the pleadings by both parties and the remainder of the record, the Court finds as follows.

**BACKGROUND**

Plaintiff is a grant writer for Warren & Cato Consulting Firm. Dkt. # 1-1 ¶ 1. The company is a "grass-root innovative company," id., with a mission to meet "human, educational, environmental, and community public safety" needs. Id. Defendants are three separate not-for-profit organizations located in Seattle, Washington: Social Justice Fund NW (Social Justice),

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND DENYING PLAINTIFF'S MOTION
TO JOIN ANOTHER DEFENDANT- 1

Youth Undoing Institutional Racism (YUIR), and Ending the Prison Industrial Complex (EPIC). Id. at ¶¶ 3–5. Since 2012 YUIR has been fighting the construction of the new King County detention center. Dkt. # 7, Exhibit A. Through these efforts, EPIC was launched, which led to the No New Youth Jail Campaign. Id. YUIR and EPIC are projects that operate under the umbrella of two other organizations, the People's Institute for Survival and Beyond and the American Friends Service Committee, all of which have advocated against a youth detention center. Id.

In 2015, EPIC worked with the City of Seattle to create the "EPIC Zero Detention Project." Id. The Project would provide grant funding to communities that are most targeted by mass incarceration. Id. EPIC planned on distributing $500,000 in grants to community-based and community-led organizations that work to end youth imprisonment. Id. In their request for proposals (RFP), id., EPIC stated that it and Social Justice would make the decisions about where they would distribute the grants, and that the grants would be administered by Social Justice. Id. The maximum amount that an proposal could receive was $100,000. Id. The RFP then gave examples of project ideas, general guidelines on the type of proposal EPIC and Social Justice were looking for, the types of organizations that should apply, and the types of organizations that would receive special consideration. Id. The deadline to apply was October 3, 2016. Id.

Due to technical difficulties, Social Justice and EPIC extended the application deadline to October 7, 2016. Dkt. # 1-1, ¶ 9. Plaintiff submitted her application that day. Id. at ¶ 8. On October 11, 2016, Plaintiff received a confirmation email from Social Justice stating that her application had been received and was pending review. Id. at ¶ 9. Social Justice told Plaintiff that they would be in touch within two weeks to confirm whether Plaintiff's application was complete and eligible for funding. Id. Social Justice also called Plaintiff that day to verify the amount that Plaintiff had requested because some proposals were mismatched with the funding

requests. Id. at ¶ 10. After receiving the email and phone call from Social Justice, Plaintiff then emailed Social Justice to ask about her submissions, but she did not receive a response. Id. at ¶ 11. Plaintiff then sent three other emails, on October 18 and 25 and November 2, to confirm that any mix-up involving her submissions had been cleared up. Id. at ¶¶ 12–14. Defendants did not respond to any of these emails. Id.

On November 8, 2016, Social Justice notified Plaintiff that none of her projects would receive funding. Id. at ¶ 15. The next day Plaintiff emailed Social Justice claiming that Social Justice had violated the Washington Law Against Discrimination, the Washington Whistleblower Protection Act, and the Uniform Disciplinary Act for Health Professionals. Id. at ¶ 16. Social Justice did not respond, nor did they respond to the second email sent by Plaintiff on November 10, 2016. Id. at ¶ 17. On December 8, 2016 Plaintiff emailed Social Justice and asked them several questions regarding their ethical and professional obligations. Id. at ¶ 19. While Social Justice did not respond to the questions in this email, Burke Stansbury from Social Justice agreed to meet with Plaintiff. Id. at ¶ 20. At the meeting on December 28, 2016, Mr. Stansbury allegedly explained to Plaintiff that this was the first time they had ever done a project like this, that the process suffered from some issues, and that it was too late for the organization to redistribute any funds. Id. at ¶ 21. Mr. Stansbury allegedly told Plaintiff that he and the Senior Project Manager would contact Plaintiff about a way to potentially remedy the issue. Id. Plaintiff alleges that she was never contacted. Id.

On January 10, 2017, Plaintiff filed this action in state court. Dkt. # 1-1. Plaintiff alleges that Defendants Social Justice, YUIR, and EPIC have violated the Fourteenth Amendment of the United States Constitution, the Washington State Constitution, 18 U.S.C. §§ 241–242, the Washington Law Against Discrimination, the Washington Whistleblower Protection Act, and Washington's Uniform Disciplinary Act for Health Professionals. Id. at ¶¶ 24–28. Defendants timely removed pursuant to 28 U.S.C. § 1446(b). Dkt. # 1. Defendants then moved to dismiss

under Rule 12(b)(6), Dkt. # 7, and Plaintiff filed a motion to join another defendant. Dkt. # 12.

## DISCUSSION

**I. Defendants' Motion to Dismiss**

    **A. Standard**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), 8(a)(2). When deciding a motion to dismiss, the court accepts allegations in the complaint as true and must construe those allegations in the light most favorable to the non-moving party. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court does not however, need to accept any legal conclusions as true. Id.

In order for a party to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. "This standard does not rise to the level of a probability requirement, but it demands 'more than sheer possibility that the defendant has acted unlawfully.'" Landers v. Quality Commc'ns, Inc, 771 F.3d 638, 641 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation fo the elements of a cause of action will not do." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).

    **B. Violations of the United States Constitution**

Plaintiff claims that Defendants violated her rights under the Fourteenth Amendment of the United States Constitution. However, none of the facts alleged in the complaint give rise to any plausible claim that Defendants violated Plaintiff's constitutional rights. Defendants cannot violate Plaintiff's constitutional rights because they are not a state actor. See, e.g., Lee v. Katz, 276 F.3d 550, 555 (9th Cir. 2002) (discussing the requirements for when a private actor can be considered a state actor for the purposes of the Fourteenth Amendment). Moreover, Plaintiff's

claim that the denial of discretionary funding gives rise to a violation of the Fourteenth Amendment is a conclusory statement without any factual or legal support, and cannot survive a motion to dismiss. Twombly, 550 U.S. at 555.

### C. Violations of the Washington Constitution

Plaintiff also alleges due process and equal protection violations of the Washington Constitution. However, Plaintiff does not allege a specific provision of the Washington Constitution that has been violated nor does she allege any facts showing how Defendants violated the Washington Constitution. These claims must be dismissed because there is no cause of action linked to a specific constitutional provision or any facts that would give rise to a cause of action under a specific provision.

### D. Violations of 18 U.S.C. §§ 241-242

Additionally, Plaintiff alleges violations of 18 U.S.C. §§ 241–242. This statute makes it a criminal offense for "two or more persons [to] conspire to injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to [her] by the Constitution of the United States." 18 U.S.C. § 241. This is a criminal statute and one who violates it is subject to a fine or imprisonment of not more than ten years. 18 U.S.C. § 241. This statute does not provide any basis for civil liability. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Moreover, Plaintiff has not alleged any facts which give rise to any plausible criminal conduct by Defendants. Further, Plaintiff does not articulate what specific Constitutional privilege or right Defendants have deprived her of. As such, Plaintiff's claim must be dismissed.

### E. Violations of the Washington Law Against Discrimination

Plaintiff also argues that Defendants violated the Washington Law Against Discrimination, RCW Chapter 49.60. The law prohibits discrimination on the basis of "race, color, creed, national origin, sex, marital status, sexual orientation, age, honorably discharged

veteran or military status, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability." RCW 49.60.010. Plaintiff has not alleged any facts that show Defendants discriminated against her in any way as opposed to denying her application based on neutral criteria. Therefore, this claim must dismissed for lack of factual foundation.

### F. Violation of the Washington Whistleblower Protection Act

The Washington Whistleblower Protection Act, RCW Chapter 42.41, protects "local government employees who make good-faith reports to appropriate governmental bodies and to provide remedies for such individuals who are subjected to retaliation for having made such reports." RCW 42.41.010. RCW 42.41.020(3) defines retaliatory action as (a) any adverse change in the employees's terms or conditions of employment or (b) hostile actions taken by another employee, which were encouraged by a supervisor or senior manager. Plaintiff has not alleged any facts to show that she is a governmental employee or that Defendants are a local government body. This claim must be dismissed as well.

### G. Violations of the Uniform Disciplinary Act for Health Professionals

Plaintiff claims that Defendants violated the Uniform Disciplinary Act for Health Professionals under RCW Chapter 18.130. Plaintiff specifically cites to RCW 18.130.180, which defines "unprofessional conduct" for healthcare professionals. However, Plaintiff has not alleged that Defendants are healthcare professionals. The Court must dismiss this claim as Defendants do not fall within the purview of the statute.

## II. Plaintiff's Motion to Join Another Defendant

### A. Standard

Plaintiff filed a motion to join another defendant, American Friends Services Committee (AFSC). Dkt. # 12. Plaintiff alleges that AFSC is the parent corporation of YUIR and EPIC and is therefore responsible for their actions. Id. at ¶ 3. However, Plaintiff provides no factual

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND DENYING PLAINTIFF'S MOTION
TO JOIN ANOTHER DEFENDANT- 6

support to show how AFSC is responsible for the conduct of EPIC and YUIR. Plaintiff cites various civil rules that allow for joinder of parties such as Federal Rules of Civil Procedure 14, 19, and 20, but she does not assert any facts to show why she is entitled to join AFSC under these rules. Dkt. # 20 at 2–5. Therefore, this Court does not find any reason to join AFSC.

Plaintiff also appears to use her motion to join another defendant as a motion to amend her complaint. See Dkt. # 12 (adding two causes of action). In this motion plaintiff realleges her claims from her original complaint and brings a new fraud claim and a claim that Defendants violated the Washington Consumer Protection Act. Dkt. # 12, ¶ 33–43. Accordingly, the Court will review the viability of these new claims to determine whether amendment is warranted or futile. Foman v. Davis, 371 U.S. 187 (1962).

**B. Fraud**

Under RCW 9A.60.050 a person may be found "guilty of false certification, if, being an officer authorized to take a proof or acknowledgment of an instrument which by law may be recorded, he or she knowingly certifies falsely that the execution of such instrument was acknowledged by any party thereto or that he execution thereof was proved." This statute applies to notaries. Plaintiff fails allege how Defendants are officers "authorized to take a proof or acknowledgment of an instrument." Further Plaintiff claims that Defendants "misrepresented material facts, knowing that [their] representation were false and making their representations without reasonable grounds," Dkt. # 12, ¶ 37, and that Defendants intended Plaintiff to rely on these representations to her detriment. Id. This statement is merely a conclusory remark and Plaintiff has not alleged any facts that would support this.

**C. Violations of the Washington Consumer Protection Act**

Lastly, Plaintiff alleges that Defendant violated the Washington Consumer Protection Act. To state a claim under RCW Chapter 19.86, the plaintiff must show that (a) the defendant committed an unfair or deceptive practice, (b) this practice occurred in the conduct of trade or

commerce; (c) this conduct affects the public interest, (d) and caused, (e) injury to the plaintiff's business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784–85 (1986). Plaintiff has not alleged facts describing how Defendant has committed an unfair or deceptive practice and therefore Plaintiff's claim fails as a mater of law.

## LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If plaintiff can, consistent with her Rule 11 obligations,[1] amend her complaint to remedy the deficiencies identified in this order, she may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, June 16, 2017.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Plaintiff's complaint (Dkt. # 7) is GRANTED. Plaintiff's motion to join another defendant (Dkt. # 12) is DENIED. Plaintiff's second motion to join another defendant (Dkt. # 21) is DENIED as moot.

Dated this 30th day of May, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[1] The Federal Rules of Civil Procedure and this district's Local Civil Rules can be found at http://www.uscourts.gov/RulesAndPolicies/rules/current-rules.aspx and http://www.wawd.uscourts.gov/local-rules-and-orders, respectively. Although plaintiff is proceeding pro se in this litigation, she is expected to comply with all applicable rules.

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND DENYING PLAINTIFF'S MOTION
TO JOIN ANOTHER DEFENDANT- 8